UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:11-cr-00374-JCM-CWH |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JASON ANDRE, | |
| Defendant. | |

Presently before the court is petitioner Jason Andre's *pro se* amended motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. # 82). The government filed a response in opposition, (doc. # 84), and petitioner filed a reply, (doc. # 85).

Also before the court is petitioner's motion to strike the government's response. (Doc. # 86). The government filed a response in opposition, (doc. # 87), and petitioner filed a reply, (doc. # 90).

Also before the court is petitioner's motion for default judgment. (Doc. # 89). The government filed a response in opposition, (doc. # 91), and petitioner filed a reply, (doc. # 92).

Also before the court are petitioner's motions to expand the record or for discovery, (doc. # 80), to admit, (doc. # 81), and for summary judgment, (doc. # 83). The government did not respond to these motions.

Because petitioner's motions to strike, expand the record or for discovery, admit, for summary judgment, and for default judgment are dependent upon his motion to vacate, the court first addresses petitioner's motion to vacate pursuant to 28 U.S.C. § 2255.

I.     **Background**

On October 18, 2011, the government filed a four count criminal indictment against petitioner, including related forfeiture allegations. Petitioner was charged with possession of a firearm by a convicted felon[1] (count 1); possession of a silencer[2] (count 2); possession of marijuana with intent to distribute[3] (count 3), and possession of psilocybin with intent to distribute[4] (count 4). (Doc. #1).

On October 9, 2012, petitioner pleaded guilty to counts one and two of the indictment and related forfeiture allegations. The remaining counts were dismissed. In the plea agreement, petitioner admitted that he possessed twenty-four firearms and one silencer. (Doc. # 54 p. 5). He also admitted that the firearms and silencer had traveled in interstate commerce. (*Id.* at 7). The parties stipulated to a base offense level of 22 because the offense was committed subsequent to petitioner sustaining one felony conviction of a controlled substance offense. U.S.S.G. 2K2.1(a)(3). The parties also stipulated to a 4 level enhancement for possession of 8-24 firearms[5] and an additional 4 level enhancement for connection with another felony offense. *Id.* at 9. The parties also agreed to a 2 or 3 level reduction for acceptance of responsibility under U.S.S.G. § 3E.1.1(a). *Id.* at 10. Thus, the parties stipulated to a total offense level of 27 or 28,[6] yielding a guideline range of imprisonment of 87-108 months or 97-121 months, respectively. On January 10, 2013, this court sentenced petitioner to 87 months of imprisonment per count, followed by a term of 3 years supervised release, a sentence at the low-end of the guideline range. The court imposed the sentences concurrently.

On December 9, 2013, petitioner filed a motion to vacate under 28 U.S.C. § 2255. (Doc. # 67). The motion was denied without prejudice as petitioner had counsel of record. (Doc. # 68). On January 23, 2014, the court granted petitioner's attorney's motion to withdraw. (Doc. # 70). On February 12, 2014, petitioner re-filed his motion to vacate. (Doc. # 71). The court ordered the

---

[1] A violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).
[2] A violation of 26 U.S.C. §§ 5861(d) and 5871.
[3] A violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c).
[4] A violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c).
[5] Probation applied a 6 level enhancement for possession of 25-99 firearms. (PSR at 9).
[6] Probation calculated Mr. Andre's total offense level as 29.

government to file a written response to petitioner's motion to vacate. (Doc. # 72).

The government filed its response in opposition, (doc. # 74), and petitioner moved for leave to amend his petition, (doc. # 75). This court's June 9, 2014 order, (doc. # 78), denied without prejudice petitioner's motion to vacate, (doc. # 71), and granted in part petitioner's motion for leave to amend, (doc. # 75). The order advised petitioner that the amended petition should be filed no later than July 7, 2014, and that no further motions to amend would be entertained. (Doc. # 78).

On June 9, 2014, petitioner filed a memorandum in support of his motion to vacate. (Doc. # 79). On July 7, 2014, petitioner filed his amended petition to vacate. (Doc. # 82). The government filed a response in opposition, (doc. # 84), and petitioner filed a reply, (doc. # 85).

In addition to the amended petition and supplemental memorandum, petitioner filed a motion to expand the record or for discovery, (doc. # 80), a motion requesting admissions by the government, (doc. # 81), and a motion for summary judgment, (doc. # 83). Petitioner also filed a motion to strike the government's response to his amended petition, (doc. # 86), and a motion for default judgment, (doc. # 89). The government opposed petitioner's motion to strike and petitioner's motion for default judgment, (docs. ## 87, 91), and petitioner filed a reply, (doc. # 92).

In the plea agreement, petitioner expressly waived his right to directly appeal his sentence. (Doc. # 54 p. 16). Petitioner also waived all collateral challenges, including any claims under 28 U.S.C. § 2255, except non-waivable claims of ineffective assistance of counsel.[7] *Id.* Petitioner claims that he entered into the plea agreement unknowingly and that he was denied effective assistance of counsel resulting in fundamental defects in his plea agreement.

Plaintiff alleges ineffective assistance of counsel on the basis that his counsel: (1) stipulated to erroneous sentencing guideline calculations in the plea agreement; (2) did not object to the court's "misapprehension" of the base offense level; (3) promised petitioner he would receive credit for time served for a prior state conviction that he did not receive; and (4) failed to challenge

---

[7] The signed plea agreement states, "the defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guild and imposed sentence, except non-waivable claims of ineffective assistance of counsel."

this court's jurisdiction.

**II.     Legal Standards**

    *A.     Motion to Vacate*

Under 18 U.S.C. § 2255, a person in custody under a judgment by a district court may file a motion if he seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review. Because petitioner waived all claims under § 2255 except ineffective assistance of counsel, the court will analyze each of petitioner's claims within the ineffective assistance of counsel framework.

    *B.     Ineffective Assistance of Counsel*

To establish ineffective assistance of counsel, a defendant must demonstrate that the counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases," and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

In order to show that counsel's performance was deficient, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Ainsworth v. Woodford*, 268 F.3d 868, 873 (9th Cir. 2001) (quoting *Strickland*, 466 U.S. at 687). In evaluating counsel's performance, consideration must be given to whether the performance was reasonable under all the circumstances. *Strickland*, 466 U.S. at 688.

The two-part test adopted in *Strickland* applies to guilty plea challenges based on ineffective assistance of counsel. In order to satisfy the "prejudice" requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

/ / /

/ / /

**III.     Discussion**

    *A.     Ineffective assistance of counsel*

        *1.     "Erroneous" guidelines stipulations*

The court notes at the outset that the sentencing guideline calculations stipulated to by the government and defense counsel were lower than the guidelines as calculated by probation. According to probation, petitioner's total offense level was 29, whereas the parties stipulated to a total offense level of 27-28. Petitioner takes issue with the 4 level enhancement in the plea agreement for connection with another felony offense under U.S.S.G. § 2K2.1(b)(4). The cited provision provides for a 4 level enhancement if the serial numbers on the illegally possessed firearms are altered or obliterated.

Petitioner is correct that there are no facts in the plea agreement or otherwise to support that the serial numbers on the confiscated firearms were altered or obliterated. However, petitioner has not shown that counsel's performance was ineffective under *Strickland*, or that, but for counsel's errors, he would not have pleaded guilty.

First, it appears the parties made a clerical error when citing to §2K2.1(b)(4). Probation also applied a 4 level enhancement for connection with another felony offense, but cited to a different provision, U.S.S.G. § 2K2.1(b)(6)(B). There are sufficient facts to support that the weapons petitioner was responsible for facilitated another felony offense, drug trafficking. (Doc. # 4; PSR at 8). Petitioner was originally charged with two additional felonies and § 2K2.1(b)(6)(B) applies "regardless of whether . . . a conviction was obtained." U.S.S.G. § 2K2.1(b)(6)(B) cmt. 14(C). Counsel was not ineffective for stipulating to the 4 level enhancement. Moreover, counsel's stipulation to the incorrect enhancement provision did not change or increase the guideline range as the 4 level enhancement was warranted by the facts.

In any event, petitioner pleaded guilty with the understanding that the court was free to calculate its own guideline range and any range stipulated to by the parties in the plea agreement was nonbinding. "The parties acknowledge . . . that these stipulations do not bind the court . . . ." (Doc. # 54 p. 9). Petitioner has not shown that by citing to the wrong enhancement provision, he was deprived of effective assistance of counsel. Further, petitioner has not shown that, but for the

5

erroneous citation in a non-binding guidelines calculation, he would have insisted on proceeding to trial. Therefore, petitioner's claim for § 2255 relief for ineffective assistance of counsel on these grounds is denied.

### 2. *Failure to object to the base offense level*

Petitioner also claims that the sentencing court "misapprehended" the base offense level and counsel failed to object. Petitioner is correct that the base offense level under § 2K1.6 is 14. The plea agreement and PSR both indicate a base offense level of 22. The increase is due to petitioner's prior state felony conviction of a controlled substance offense, not a "misapprehension" by the parties or the court.[8] Counsel's performance was clearly not deficient for stipulating to the base offense level of 22. Therefore, petitioner's claim for § 2255 relief for ineffective assistance of counsel on these grounds is denied.

### 3. *Credit for time served for prior state conviction*

Petitioner asserts that his counsel guaranteed him that he "would be credited for jail time beginning October 28, 2011 . . . ." (Doc. # 71 at 5). The record belies petitioner's claim that his attorney made any such undisclosed "guarantees." Petitioner engaged in a lengthy, thorough colloquy regarding his decision to plead guilty. Petitioner unequivocally assured the court that no one had made him any promises other than those in the plea agreement and that no one had predicted what his sentence would be.[9] (*See* Doc. # 73 at 20-21).

Petitioner also claims he is entitled to credit for this jail time, (doc. # 89), and his counsel erroneously told the court at his sentencing that his Nevada state narcotics conviction was "not at issue."[10] (Doc. # 71). Petitioner is not entitled to credit for time served in state prison just because

---

[8] Under U.S.S.G. § 2k2.1(a)(3), the base offense level is 22 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense . . . ."

[9] The court: "Has anyone made any promise to you other than those set forth in the plea agreement that induced you to plead guilty?" Petitioner: "No, sir." The court: "Other than those set forth in the plea agreement, has anyone made any prediction or promise to you as to what your sentence will be?" Petitioner: "No, sir."

[10] When the court inquired into the status of Petitioner's Nevada state narcotics conviction, counsel replied that petitioner was "currently on parole" and that-apart from adding to petitioner's criminal history score- it was not otherwise "not at issue". (Doc. # 66 p 9-10).

his previous conviction was used to enhance his sentence. A defendant's criminal history frequently influences sentencing, both to increase the base offense level and in the criminal history categorization. Petitioner's state conviction is not even related to the instant offense outside of the fact that the instant case triggered a violation of his state probation and he was revoked. Thus, the state narcotics conviction was not considered as relevant conduct for purposes of sentencing. It served to increase petitioner's base offense level and it added criminal history points.

In any event, a sentencing court has discretion as to whether to impose a sentence "partially concurrently, concurrently, or consecutively to any prior undischarged term of imprisonment." U.S.S.G. § 5G1.3(c). The court grouped counts 1 and 2 in the instant case as closely related, and sentenced petitioner to 87 months for each, to run concurrently. The court was under no obligation to impose those sentences concurrently, let alone to impose them concurrently with the state sentence. Therefore, the court denies petitioner's claim for § 2255 relief for ineffective assistance of counsel on these grounds.

*4.     Failure to challenge court's subject matter jurisdiction*

Finally, petitioner claims his counsel was ineffective for failing to object to this court's subject matter jurisdiction under *Bond v. United States*, 134 S.Ct. 2077 (2014). First, *Bond* was decided after petitioner's case was closed, so his attorney cannot possibly be found ineffective for failing to raise it. Second, even if *Bond* had been available precedent, *Bond* does not disturb the subject matter jurisdiction Congress granted federal district courts when it enacted 18 U.S.C. § 922 and 26 U.S.C. § 5861.

In *Bond*, the Supreme Court held that the Chemical Weapons Convention Implementation Act did not reach the purely local crime of simple assault. Because "[o]ur constitutional structure leaves local criminal activity primarily to the States," courts "generally decline[] to read federal law as intruding on that responsibility, unless Congress has clearly indicated that the law should have such reach." *Bond*, 134 S.Ct. at 2083. While the Chemical Weapons Implementation Act contained no such indication, the felon in possession statutes do.

Section 922(g)(1) makes it a federal crime for any person who has been convicted of a felony "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce,

any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The statute explicitly proscribes purely local conduct, so long as the firearm was moved in interstate commerce at some point in time. *Bond* is plainly inapplicable to petitioner's case and counsel is not ineffective for declining to raise a frivolous argument on petitioner's behalf. Therefore, the court declines to grant petitioner § 2255 relief for ineffective assistance of counsel on these grounds.

    B.  *Knowing and voluntary plea*

Petitioner claims the waivers he made in his guilty plea agreement were made unknowingly and that he entered into the agreement under the assumption that he would receive credit for jail time beginning October 28, 2011. Petitioner waived these claims in the plea agreement. Even if he had not, there is no evidence to support his claims. Petitioner, at his change of plea hearing, assured the court that no one had made any promises to him other than those in the plea agreement. Petitioner also assured the court that no one had predicted what his sentence would be. (*See* doc. # 73 at 20-21). Therefore, the court declines to grant petitioner § 2255 relief on these grounds.

**IV.  Certificate of Appealability**

Where the court denies a petitioner's § 2255 motion, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

In the instant case, petitioner has failed to make a substantial showing he was denied effective assistance of counsel and the issues presented are not adequate and should not proceed further. The court declines to issue a certificate of appealability.

**V.  Conclusion**

Accordingly,

/ / /

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Jason Andre's amended motion to vacate sentence under 28. U.S.C. § 2255, (doc. # 82), be, and same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion to expand the record or for discovery, (doc. # 80), petitioner's motion to admit, (doc. # 81), petitioner's motion for summary judgment, (doc # 83), petitioner's motion to strike, (doc. # 86), and petitioner's motion for default judgment, (doc. # 89), be, and same hereby are, DENIED as moot.

DATED THIS 28th day of October 2014.

*James C. Mahan*

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE