UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:11-CR-374 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| JASON ANDRE, | |
| Defendant(s). | |

Presently before the court is defendant Jason Andre's motion to correct a clerical error in his plea agreement. (ECF No. 103). The government filed a response (ECF No. 104), and defendant filed a reply. (ECF No. 105).

**I.   Background**

On October 18, 2011, the government filed a four-count criminal indictment against defendant, charging him with possession of a firearm by a convicted felon[1] (count 1); possession of a silencer[2] (count 2); possession of marijuana with intent to distribute[3] (count 3), and possession of psilocybin with intent to distribute[4] (count 4). (ECF No. 1).

On October 9, 2012, defendant pled guilty to counts one and two of the indictment. The remaining counts were dismissed. In the plea agreement, defendant admitted that he possessed twenty-four firearms and one silencer. (ECF No. 54 at 5). He also admitted that the firearms and silencer had traveled in interstate commerce. (*Id.* at 7).

---

[1] A violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

[2] A violation of 26 U.S.C. §§ 5861(d) and 5871.

[3] A violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c).

[4] A violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c).

**James C. Mahan**
**U.S. District Judge**

The parties stipulated to a base offense level of twenty-two because the offense was committed subsequent to defendant sustaining one felony conviction of a controlled substance offense. U.S.S.G. 2K2.1(a)(3). The parties also stipulated to a four-level enhancement for possession of eight to twenty-four firearms[5] and an additional four-level enhancement for connection with another felony offense. *Id.* at 9. The parties also agreed to a two or three-level reduction for acceptance of responsibility under U.S.S.G. § 3E.1.1(a). *Id.* at 10. Thus, the parties stipulated to a total offense level of twenty-seven or twenty-eight,[6] yielding a guideline range of imprisonment of eighty-seven to 108 months or ninety-seven to 121 months, respectively. On January 10, 2013, this court sentenced defendant to eighty-seven months of imprisonment per count, followed by three years of supervised release, a sentence at the low-end of the guideline range. The court imposed the sentences concurrently.

On July 7, 2014, defendant filed an amended petition to vacate pursuant to 18 U.S.C. § 2255 ("§ 2255"). (ECF No. 82). Defendant argued that he entered into the plea agreement unknowingly and that he was denied effective assistance of counsel, resulting in fundamental defects in his plea agreement. Defendant alleged ineffective assistance of counsel on the basis that his counsel, *inter alia*, stipulated to erroneous sentencing guideline calculations in the plea agreement.

On October 29, 2014, the court denied defendant's motion to vacate. (ECF No. 93). With respect to his claims regarding the sentencing guidelines stipulated to in the plea agreement, the court found that the parties had stipulated to an applicable four-level guideline calculation, but had erroneously cited to a different, inapplicable guideline provision. (*See* ECF No. 93 at 5–6). The court described the error as "clerical"[7] and found that the errant citation did not justify relief under § 2255:

> In any event, petitioner pleaded guilty with the understanding that the court was free to calculate its own guideline range and any range stipulated to by the parties

---

[5] Probation applied a six-level enhancement for possession of twenty-five to ninety-nine firearms. (PSR at 9).

[6] Probation calculated Mr. Andre's total offense level as twenty-nine.

[7] "[I]t appears the parties made a ***clerical*** error when citing to §2K2.1(b)(4). Probation also applied a 4 level enhancement for connection with another felony offense, but cited to a different provision, U.S.S.G. § 2K2.1(b)(6)(B). There are sufficient facts to support that the weapons petitioner was responsible for facilitated another felony offense, drug trafficking. (Doc. # 4; PSR at 8)." (ECF No. 93 at 5–6) (emphasis added).

in the plea agreement was nonbinding. "The parties acknowledge . . . that these stipulations do not bind the court . . . ." (Doc. # 54 p. 9). Petitioner has not shown that by citing to the wrong enhancement provision, he was deprived of effective assistance of counsel. Further, petitioner has not shown that, but for the erroneous citation in a non-binding guidelines calculation, he would have insisted on proceeding to trial. Therefore, petitioner's claim for § 2255 relief for ineffective assistance of counsel on these grounds is denied.

(*Id.*)

His § 2255 petition having been denied,[8] defendant now moves the court for an order under Federal Rule of Criminal Procedure ("Rule") 36, compelling the government to correct the parties' citation error with respect to the sentencing enhancement in the plea agreement. (*See* ECF No. 54 at 10). The government opposes correction. (ECF No. 104).

**II.   Discussion**

The court denies defendant's request to correct the clerical error in the parties' plea agreement. Arguing the plea agreement is a private agreement between the parties and not an order or judgment of the court, the government contends that Rule 36 does not provide the court authority to modify the document. (*See id.*) Rule 36 provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or *other part of the record*, or correct an error in the record arising from oversight or omission.

FED. R. CRIM. P. 36 (emphasis added).

In the Ninth Circuit, "clerical errors" under Rule 36 "include errors made by judges as well as ministerial employees." *United States v. Goodwin*, 15 Fed.Appx. 511, 514 (9th Cir. 2001). Defendant does not provide, and the court cannot find, any binding authority supporting the proposition that "other parts of the record" include documents prepared entirely by parties, who are not judges or "ministerial employees." *Cf. id.*

Consistent with *Goodwin*, the government argues that Rule 36 applies only to clerical errors in parts of the record that constitute judicial or quasi-judicial pronouncements. The government acknowledges that the Fifth Circuit has held that the presentence investigation report, a quasi-judicial pronouncement prepared by the probation and pretrial services office, can be "part

---

[8] The court declined to issue a certificate of appealability with its order. (*See* ECF No. 93 at 8). Defendant appealed the order, and the court again denied a certificate of appealability. (ECF Nos. 94, 99). The Ninth Circuit too denied the certificate. (ECF Nos. 100, 102).

**James C. Mahan**
**U.S. District Judge**

- 3 -

of the record" for purposes of Rule 36. *See United States v. Mackay*, 757 F.3d 195, 198 (5th Cir. 2014). It argues that correcting a clerical, prejudicial error in a presentence report is distinguishable, however, from correcting the clerical but harmless error in defendant's plea agreement. *See id.* at 198 (presentence report "not only affects the length of the sentence, but might also determine the defendant's place of incarceration . . . and relationships with social service and correctional agencies after release from prison").

Defendant argues that under *Mackay* and similar cases, the court has authority to correct clerical errors made by actors that are not strictly court actors, including the parties, because of inclusion of the phrase "or other part of the record." *See* FED. R. CRIM. P. 36; 757 F.3d at 198; *accord United States v. Knockum*, 881 F.2d 730, 733 (directing district court to amend the presentence report provided to the Bureau of Prisons with a transcripts of its determinations under Rule 32(i)(3)(C)).

The *Mackay* court[9] reasoned that "[b]ecause the PSR affects the rights and obligations of the defendant, we conclude it is of like kind or character as a "judgment" or "order" and that it is embraced by the terms "other part of the record" as used in Rule 36." *Mackay*, 757 F.3d at 198. Here, defendant asks the court to order the government to correct a citation error in the plea agreement. The agreement properly states the substantive basis for the four-level enhancement, *i.e.*, connection with another felony offense, but cites to an inapplicable section of the sentencing guidelines. (*See* ECF No. 54 at 10).

Citing to the correct subsection of the sentencing guidelines, the court applied the appropriate four-level enhancement at sentencing. (*See* ECF No. 66 at 5 ("Four levels were added because the offense involved possessing [sic] of firearms in connection with another felony offense pursuant to U.S. Sentencing Guideline, [s]ection 2K2.1, [s]ubsection (b)(6)(b), [sic] making an adjusted offense level of 32."). Defendant's sentence is therefore based on and cites to the appropriate enhancement.

---

[9] The court notes that *Mackay*, a Fifth Circuit case, is not binding on this court. The court distinguishes the case, however, because its analysis is persuasive and provides useful guidance for when a clerical error has meaning significant to warrant correction under Rule 36. *See Mackay*, 757 F.3d at 197–199.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Similarly, the court's order denying defendant's § 2255 petition flags the parties' attention to the citing discrepancy. (*See* ECF No. 93 at 5). The official record thus reflects the appropriate enhancement and the fact that the citation in the plea agreement is incorrect.

A plea agreement brought pursuant to Rule 11(c)(1)(A) and (B) is not binding on the court. *See* FED. R. CRIM. P. 11(c)(1). At sentencing, the court applies the *non-binding* guidelines to the offenses, and fashions its own sentence in accordance with 18 U.S.C. § 3553(a). In fact, the plea agreement at issue includes defendants' acknowledgements that the court is not bound by the agreement or the government's recommendation at sentencing (ECF No. 54 at 11) and that probation may calculate the guideline range differently than the parties. (*Id.* at 12–13).

In short, the plea agreement, and any representations therein regarding the applicability of guideline provisions or the parties' positions on sentencing are just that: the parties' joint positions. The sentence imposed and the court's judgment are controlling post-conviction.

The plea agreement, while remaining a valid and enforceable agreement, does not "affect the rights and obligations of the defendant" post-judgment and is not "of like kind" to a judgment or order. *Cf. Mackay*, 757 F.3d at 198.

In short, the court finds that the parties' plea agreement is not the type of "other part of the record" contemplated by Rule 36. A clerical error in the plea agreement that is not reflected in defendant's sentence or judgment has no prejudicial effect that will follow the defendant beyond sentencing and does not affect the defendant's rights and obligations. That being the case, the court will not order the parties' to correct the error over the government's objections.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Jason Andre's motion to correct a clerical error in plea agreement (ECF No. 103) be, and the same hereby is, DENIED.

DATED May 23, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**